## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**PEDRO MOLINA and LUZ OLIVIA
MOLINA,**

                    **Plaintiffs,**

**vs.**                                          **Case No. 8:06-CV-799-T-27TGW**

**IRA JACKSON RHODES and GAINEY
TRANSPORTATION, INC.,**

                    **Defendants.**
_____/

## ORDER ON PLAINTIFFS' MOTION TO REMAND

**BEFORE THE COURT** is Plaintiffs' Motion to Remand (Dkt. 5).  Plaintiffs ask the Court

to remand this action back to the State court where the action was originally brought because

Defendant, Gainey Transportation Services, Inc. ("GTS")[1], failed to promptly serve the Notice of

Removal on Plaintiffs and failed to provide proper notice of the removal to the State court.  Upon

consideration, and for the reasons stated below, Plaintiffs' Motion to Remand (Dkt. 5) is

**GRANTED**.

### Background

On or about April 12, 2006, Plaintiffs filed a complaint in the Circuit Court of the Thirteenth

Judicial Circuit in and for Hillsborough County, Florida.  Plaintiffs allege that Plaintiff, Pedro

Molina, was injured as a result of Ira Rhodes' negligent operation of a motor vehicle owned by GTS.

On or about April 19, 2006, Plaintiffs served GTS with a summons and complaint.  *See* Dkt. 6, ¶

5.  On May 1, 2006, GTS filed a Notice of Removal with this Court.  *See* Dkt. 1.

_____

[1]Although the Complaint lists Gainey Transportation, Inc. as a defendant, GTS asserts that
Gainey Transportation Services, Inc. is the defendant's proper name.  *See* Dkt. 1, n.1.

The Notice states that this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Specifically, GTS states that (1) it is a "foreign corporation organized under the laws of the State of Michigan;" (2) Defendant, Ira Jackson Rhodes, is a "resident of West Virginia;" and (3) "Plaintiff issued a demand to Defendants of at least $75,000, an amount that exceeds the requirement set forth in 28 U.S.C. § 1332(a)." *See* Dkt. 1, ¶¶ 3-5.

The Notice contains a certificate of service which states that a copy of the Notice was furnished "via ordinary mail" to Plaintiffs' attorney on May 1, 2006. *See* Dkt. 1. On May 12, 2006, Plaintiffs filed a Motion for Default against GTS in the State court. Dkt. 6, ¶ 7. The State court entered a default against GTS that same day. Plaintiffs' attorney affidavit filed in support of their Motion attaches a June 5, 2006, letter from GTS to the Clerk of the Circuit Court attaching a copy of the Notice of Removal. Dkt. 6, ¶ 9. Plaintiffs contend that they did not receive actual notice of the removal until June 5, 2006. Plaintiffs filed this Motion to Remand on June 12, 2006.

### Applicable Standard

An action initially commenced in state court may be removed if the federal district court has original jurisdiction. *See* 28 U.S.C. § 1441(a). This Court has original jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where diversity of citizenship of the parties exists. *See* 28 U.S.C. § 1332. To establish diversity of citizenship, no defendant can be a citizen of the same state as any plaintiff. *MacGinnitie v. Hobbs Group, LLC,* 420 F.3d 1234, 1239 (11th Cir. 2005). A corporation is deemed to be a citizen of both its state of incorporation and the state where it has its principal place of business.[2] 28 U.S.C. § 1332(c)(1); *MacGinnitie,* 420 F.3d at 1239.

---

[2] A corporation's principal place of business is determined by looking at the "total activities" of the corporation. *See MacGinnitie,* 420 F.3d at 1239.

2

A defendant desiring to remove a case to federal court must file a notice of removal with the federal district court "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). The notice must be filed within thirty days after receipt by the defendant of a copy of the initial pleading or within thirty days after service of a summons on the defendant. *See* 28 U.S.C. § 1446(b). Thereafter, the defendant must "promptly" give written notice of the removal to all adverse parties and file a copy of the removal notice with the clerk of the state court, "which shall effect the removal...." *See* 28 U.S.C. § 1446(d). The removal statute is to be strictly construed against removal and in favor of remand. *See Miedema v. Maytag Corp.,* 450 F.3d 1322, 1328-29 (11th Cir. 2006)(citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941)).

## Discussion

The Court is required to address a deficiency in its subject matter jurisdiction *sua sponte,* despite a failure of the parties to address the issue. *Wisconsin Dept. of Corrections v. Schacht,* 524 U.S. 381, 389, 118 S. Ct. 2047, 2052, 141 L.Ed.2d 364 (1998). The party seeking removal bears the "burden of producing facts supporting the existence of federal subject matter jurisdiction by a preponderance of the evidence." *Hobbs v. Blue Cross Blue Shield,* 276 F.3d 1236, 1242 (11th Cir. 2001).

Specifically, when a plaintiff fails to plead a specific amount of damages in a complaint, the removing defendant must prove that the amount in controversy meets the jurisdictional requisite by a preponderance of the evidence. *Allen v. Toyota Motor Sales, U.S.A., Inc.,* 155 Fed. Appx. 480, 481 (11th Cir. 2005). Here, Plaintiffs' complaint fails to plead a specific amount of damages. GTS, in its Notice of Removal, states only that Plaintiff issued a demand "of at least $75,000.00." By this

3

allegation alone, GTS has not met its burden of establishing that the amount in controversy requirement has been met. *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1320 (11th Cir. 2001). Were this the only impairment to the Court's subject matter jurisdiction, the Court would permit the parties to submit evidence with respect to the amount in controversy. *See id.* at 1321.

GTS, however, has additionally failed to properly assert diversity of citizenship. Here, although GTS asserts that it is organized under the laws of the State of Michigan, GTS fails to allege where it has its principal place of business. No pleading or paper filed with this Court even attempts to allege where GTS has its principal place of business. Accordingly, it is impossible for this Court to determine that the parties are completely diverse. *See Denton v. Wal-Mart Stores, Inc.,* 733 F. Supp. 340, 341 (M.D. Fla. 1990); *Lamm v. Bekins Van Lines Co., et al.*, 139 F. Supp. 2d 1300, 1315 (M.D. Ala. 2001)(citing *American Motorists Ins. Co. v. American Employers' Ins. Co.*, 600 F.2d 15, 16 & n.1 (5th Cir. 1979)).

In light of the above, GTS has failed to meet its burden of establishing subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332. *See Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314 (11th Cir. 2002); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). Remand is appropriate on this basis alone.

In light of the parties' briefing of the alleged procedural defects of Defendants' removal, the Court will address this issue as well. 28 U.S.C. §1447(c) provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."[3]  Plaintiffs argue that this Court

---

[3]Here, Plaintiffs did not move for remand within 30 days of the filing of Defendants' notice of removal but contend that they did not have notice of the removal until June 5, 2006, less than thirty days prior to the filing of their Motion to Remand on June 12, 2006. GTS does not argue that Plaintiffs' Motion is untimely.

4

does not have jurisdiction because Defendants failed to promptly serve Plaintiffs with a copy of the Notice of Removal and failed to provide a copy to the State court.  The failure to provide notice of a removal to a state court is a procedural issue that does not affect federal jurisdiction, "even though a federal court might be justified in granting a timely motion to remand under 28 U.S.C. § 1447 on the grounds of such defect." *Peterson v. BMI Refractories*, 124 F.3d 1386, 1395 (11th Cir. 1997).

GTS responds that their Notice of Removal was "promptly" provided to both Plaintiffs and to the State court because their certificate of service creates a presumption that the Notice of Removal was actually mailed to Plaintiffs and, upon learning that the State court and Plaintiffs had not received a copy of the Notice, GTS immediately provided notice to both.  Despite this assertion, GTS has not filed with this Court any evidence to establish that notice was ever provided to the State court.  Plaintiffs admit that they eventually received actual notice of the removal on or about June 5, 2006.  However, despite attachment of a June 5, 2006, letter from GTS to the Clerk of the Circuit Court that attaches Defendants' Notice of Removal, Plaintiffs contend that "there is no record that Defendants gave actual or constructive notice to the Circuit Court of their intent to remove the action." Dkt. 5, p. 6, Dkt. 6.  Nevertheless, in response, GTS fails to provide any evidence that the letter attached by Plaintiffs was actually sent to the State court or that the State court received its letter.  Accordingly, GTS has failed to meet its burden of establishing compliance with the procedural requirements of the removal statute by providing actual or constructive notice to the State court. The Court, therefore, need not address whether or not GTS' notice to Plaintiffs or its alleged

5

notice to the State court were "prompt." *See Hauck v. Borg Warner Corp.*, 2006 WL 2927559, *4

(M.D. Fla. Oct. 12, 2006)("[w]hen confronted with a motion to remand, the removing party has the

burden of establishing the propriety of removal.")

For the reasons stated above, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Remand (Dkt. 5) is **GRANTED.**

This case is remanded to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough

County, Florida.  The Clerk is directed to close this case and deny all pending motions as moot.

**DONE AND ORDERED** in chambers this 31st day of October, 2006.


**JAMES D. WHITTEMORE**
**United States District Judge**


Copies to:
Counsel of Record
Clerk of the Circuit Court of the Thirteenth Judicial Circuit
in and for Hillsborough County